**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **OLIVISTAR, LLC**<br><br>      **Plaintiff,**<br><br>  **v.**<br><br>**FACEBOOK, INC.,**<br><br>      **Defendant.** | **CIVIL ACTION NO. 2:14-cv-1099**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Olivistar, LLC ("Plaintiff" or "Olivistar"), by and through its undersigned counsel, files this Complaint against Defendant Facebook, Inc. ("Facebook") as follows:

**NATURE OF THE ACTION**

1.  This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,606,843 entitled "System and Method for Customizing the Storage and Management of Device Data in a Networked Environment" (the "'843 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 8,239,347 entitled "System and Method for Customizing the Storage and Management of Device Data in a Networked Environment" (the "'347 patent"; a copy of which is attached hereto as Exhibit B). Olivistar is the owner by assignment of the '843 patent and '347 patent. Olivistar seeks injunctive relief and monetary damages.

**PARTIES**

2.  Plaintiff Olivistar, LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 2150 S. Central Expressway, Suite 200, McKinney, Texas 75070.

3.  Upon information and belief, Defendant Facebook, Inc. is a business organized

and existing under the laws of the State of Delaware, with its principal place of business located at 1601 Willow Rd, Menlo Park, CA, 94025. Facebook conducts business in the State of Texas and its Registered Agent for service of process is the Corporation Service Company, 2711 Centerville Road Ste 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas. Defendant derives

substantial revenue from goods and services provided to individuals in Texas and in this district.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

## COUNT I– INFRINGEMENT OF U.S. PATENT 7,606,843

8. Olivistar refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '843 patent was duly and legally issued by the United States Patent and Trademark Office on October 20, 2009, after full and fair examination. The '843 patent is in full force and effect. Plaintiff is the owner by assignment of the '843 patent and possesses all rights of recovery under the '843 patent, including the exclusive right to sue for infringement and recover past damages.

10. Defendant owns, operates, advertises, controls, sells, and otherwise provides systems and methods that infringe the '843 patent. The '843 patent provides, among other things, claim 1 a "system including monitoring devices generating monitoring device data, an archive server processing the archival of monitoring device data and a client computer, a method of selectively archiving monitoring device data based on an archival profile, the method comprising: (1) obtaining incoming monitoring device data, wherein the incoming monitoring device data is characterized by one or more archival attributes; (2) obtaining an archival profile for selectively archiving the incoming monitoring device data; (3) determining whether the archival profile is associated with one or more archival attributes of the incoming monitoring device data; (4) if the archival profile is associated with one or more archival attributes: (5) processing the incoming monitoring device data having one or more archival

attributes that match the archived profile into a compressed format; and (6) selectively storing the incoming monitoring device data in the compressed format on a storage medium; (7) wherein the archival attribute from which the archival profile selectively stores incoming monitoring device data is one selected from the group of file type, monitoring device identifier, and monitoring device type that collected the incoming monitoring device data."

11. Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for Customizing the Storage and Management of Device Data in a Networked Environment that infringed one or more claims of the '843 patent in this district and elsewhere in the United States, Particularly, Defendant makes, uses, provides, offers for sale, and/or sells their product/service entitled Facebook App and Facebook servers ("Accused Instrumentality") which directly infringe the '843 patent.

12. Defendant is willfully and intentionally infringing the '843 Patent from at least the date of notice was sent to Defendant's attorney on May 14, 2014. Defendant is fully aware of their infringement and Defendant's infringement at this point is willful and intentional as evidenced by Defendant continuing to make, use, provide, and offer for sale, the Accused Instrumentality.

13. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Defendant's infringement of Plaintiff's exclusive rights under the '843 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT 8,239,347

16. Olivistar refers to and incorporates herein the allegations of Paragraphs 1-15 above.

17. The '347 patent was duly and legally issued by the United States Patent and Trademark Office on August 7, 2012, after full and fair examination. The '347 patent is in full force and effect. Plaintiff is the owner by assignment of the '347 patent and possesses all rights of recovery under the '347 patent, including the exclusive right to sue for infringement and recover past damages.

18. Defendant owns, operates, advertises, controls, sells, and otherwise provides systems and methods that infringe the '347 patent. The '347 patent provides, among other things, claim 17 in a "a computer-readable medium having computer-executable instructions for selectively archiving monitoring device data based on an archival profile, the instructions performing a method of: (1) obtaining incoming monitoring device data, wherein the incoming monitoring device data is characterized by one or more archival attributes; (2) obtaining an archival profile for selectively archiving the incoming monitoring device data; (3) determining whether the archival profile is associated with one or more archival attributes of the incoming monitoring device data; (4) if the archival profile is associated with one or more archival attributes: (5) processing the incoming monitoring device data having one or more archival attributes, that match the archived profile into a compressed format; and (6) selectively storing the incoming monitoring device data in the compressed format on a storage medium."

19. Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for Customizing the Storage and Management of Device Data in a Networked Environment that infringed one or more claims of the '347 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers for sale, and/or sells their product/service entitled Facebook App and Facebook servers ("Accused Instrumentality") which directly and/or indirectly infringe the '347 patent. Defendant has at least made and used the Accused Instrumentality in a manner which directly infringes the '347 patent, directly or through their agents.

20. Defendant also infringes under 35 U.S.C. § 271(b) by inducing infringement of the '347 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, advising, encouraging, or otherwise inducing others to use the systems claimed by the '347 patent to the injury of Olivistar.  Defendant actively instructs their customers to use the Accused Instrumentality in a way that infringes the '347 patent. Since notice was sent to Defendant's attorney on May 14, 2014, Defendant has had knowledge of the '347 patent, and by continuing the actions described herein, has had specific intent to induce infringement of the '347 patent pursuant to 35 U.S.C. § 271(b).

21. Specifically, Defendant advertises the Accused Instrumentality to its Customers, and instructs its Customers, such that when Defendant's Customers follow Defendant's instructions, each of said Customers necessarily use the systems claimed in the '347 patent i.e. each of Defendant's Customers are direct infringers, including at least: claim 1 in a "system for processing monitoring device data, the system comprising: (1) one or more monitoring devices

generating monitoring device data characterized by one or more data archival attributes; (2) a monitoring device data processor for obtaining an archival profile corresponding to the one or more data archival attributes and for processing the monitoring device data according to the archival profile; and (3) at least one data repository for storing the monitoring device data according to the archival profile; (4) wherein the monitoring device data processor determines whether the archival profile is associated with one or more archival attributes of the monitoring device data; and (5) wherein, if the archival profile is associated with one or more archival attributes, the monitoring device data processor: (6) processes the monitoring device data having one or more archival attributes that match the archived profile into a compressed format; and (7) selectively stores the monitoring device data in the compressed format on the at least one data repository." Since at least the notice that was sent to Defendant's attorney on May 14, 2014, Defendant has had knowledge of the '347 patent pursuant to 35 U.S.C. § 271(c), and by continuing the actions described above, by continuing to use, provide, and sell the Accused Instrumentality and instruct their customers to use the Accused Instrumentality in an infringing manner, Defendant has had specific intent to induce infringement of the '347 patent pursuant to 35 U.S.C. § 271(b).

22. Specifically, Defendant instructs their customers to download the Facebook App and further instructs their customers how to input monitoring device data, create profiles, save device data to their profiles and view their profiles located on Defendant's servers. Additionally, Facebook has help and support lines for customers needing additional assistance.

23. Defendant also infringes under 35 U.S.C. § 271(c) by contributing to infringement of the '347 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, using, providing,

offering for sale, selling, or importing the Accused Instrumentality, and advising, encouraging, and contributing so that others can use all of the systems claimed by the '347 patent to the injury of Olivistar.

24. Specifically, Pursuant to 35 U.S.C. § 271(c), Defendant uses, advertises, sells, and provides the Accused Instrumentality to its Customers, and instructs its Customers, such that when Defendant's customers follow Defendant's instructions, each of said Customers necessarily use all systems in systems claimed in the '347 patent i.e. each of Defendant's Customers are direct infringers, including at least: claim 1 in a "system for processing monitoring device data, the system comprising: (1) one or more monitoring devices generating monitoring device data characterized by one or more data archival attributes; (2) a monitoring device data processor for obtaining an archival profile corresponding to the one or more data archival attributes and for processing the monitoring device data according to the archival profile; and (3) at least one data repository for storing the monitoring device data according to the archival profile; (4) wherein the monitoring device data processor determines whether the archival profile is associated with one or more archival attributes of the monitoring device data; and (5) wherein, if the archival profile is associated with one or more archival attributes, the monitoring device data processor: (6) processes the monitoring device data having one or more archival attributes that match the archived profile into a compressed format; and (7) selectively stores the monitoring device data in the compressed format on the at least one data repository."

25. Additionally, The Accused Instrumentality is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendant advertises their product ("Accused Instrumentality") directing customers to use the product in an infringing manner while offering no other substantial noninfringing alternatives. When each of Defendant's

customers use the Accused Instrumentality as Defendant has advertised, all elements necessary for direct infringement of the '347 patent have been completed or met. In fact, if a customer uses the Accused Instrumentality for any purpose for which it was intended, then the customer must directly infringe the '347 patent.

26.     Defendant is willfully and intentionally infringing the '347 Patent from at least the date of notice was sent to Defendant's attorney on May 14, 2014. Defendant is fully aware of their infringement and Defendant's infringement at this point is willful and intentional as evidenced by Defendant continuing to make, use, provide, and offer for sale, the Accused Instrumentality.

27.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

28.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29.     Defendant's infringement of Plaintiff's exclusive rights under the '347 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the

Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '347 patent;

B. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, jointly, and/or by way of inducing and/or contributing to the infringement of the '843 patent;

C. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '843 patent and/or the '347 patent, or such other equitable relief the Court determines is warranted;

D. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

E. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is when Defendant's counsel was put on notice of the patents in suit on May 14, 2014 at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

F. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

G. Any further relief that this Court deems just and proper.

Dated: December 5, 2014

Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:	(469) 587-9776
Facsimile:	(855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF
OLIVISTAR, LLC**